Mr. Judge, are you here? Your Honor, I'm here. Case number 319, juror 2-1-4. Elizabeth Sipula v. Stockley. Mr. Judge. May it please the court. Counsel. Good morning. My name is Timothy Cantlin, and we are the plaintiff appellant in this matter, and we represent the estate of, I'm sorry, we represent Elizabeth Sipula as executor of the estate of Margaret Stockley. The matter before the court here today is a form one convenience analysis. And this matter involves a husband and wife who reside here in LaSalle County, Illinois, who are traveling to Scottsdale, Arizona, to be on vacation. As they were on their way to Scottsdale, Arizona, they were passing through New Mexico. Dale Stockley, the defendant in this matter, was driving a vehicle, makes a left-hand turn, that results in an accident, killing his wife, Margaret Stockley. The plaintiffs ended up filing a wrongful death complaint here in LaSalle County. The defendants subsequently filed a motion for a form nine convenience, and the circuit court granted it. It is plaintiff's position that the circuit court abused its discretion when it granted the form nine convenience motion, as the defendants failed to meet the burden set forth in the form nine convenience motion. Throughout a form nine convenience motion, the burden remains with the party seeking dismissal. In that particular case, it's the defendant. And the Supreme Court has set forth a very high standard in which the circuit court can grant a form nine convenience motion. Throughout the cases, the Supreme Court has used this very strong language. They've used language such as, in exceptional circumstances, where the balance strongly favors, in rare circumstances, greatly outweighs. The plaintiff has a substantial right to its chosen form, and that right should rarely be disturbed. The Supreme Court used very strong language for the standard that has to be met for a form nine convenience analysis to happen. And the defendants do not meet this high standard. They present no evidence of any exceptional circumstances or rare circumstances that the plaintiff's substantial right to its chosen form falls into one of those rare circumstances that it should be dismissed. The basis of defendant's form nine convenience motion is that this accident happens in New Mexico and, therefore, should be tried in New Mexico. They basically set forth that the emergency personnel are in New Mexico. The responding police officers are in New Mexico. Eyewitnesses are from New Mexico. But in virtually every accident that happens outside of the plaintiff's chosen form, those elements are always going to be there. It's always going to be the ambulance from the forum in which the accident happened. It's always going to be the police personnel responding from that forum. Isn't it going to create a hardship in terms of Dale being able to have those witnesses come? I didn't catch the first part. Isn't there a hardship for Dale to have the witnesses come to Illinois because they wouldn't be subject to compulsory service for a process? They wouldn't have to come here? Certain witnesses may have to come here, but really those witnesses that they really reference, if they're really necessary, they're more necessary on us getting the witnesses here, not so much Dale. For example, the police officer that does a reconstruction in this accident finds that Dale is at fault for making this left-hand turn in front of him and finds that the other party involved in this accident, Sierra Marquez, was not at fault. He would be somebody that we would want to testify, not the defense. His testimony is contrary to what the defense wants to hear. So I don't believe that the defendants have set forth the public and private interest factors to show that there is a hardship that meets the standards of exceptional circumstances or strongly favors. Because if, like I stated before, virtually every auto accident that happens outside of the plaintiff's chosen forum, those elements are always going to be there. If that's the case, then the court and the legislature would have written the laws so that the plaintiff doesn't have the choice of forum any longer in those circumstances. But two cases to kind of answer your question is the First National Bank of Gurney Supreme Court case. And in that particular case, while it's an interstate and not interstate, in that particular case, the plaintiff was from King County. There was a defendant from Cook County, a defendant from Indiana, and the accident happened in DeKalb. And what the Supreme Court says, this is not one of those exceptional circumstances where the interest of justice requires the state's initial selection of a legally correct form to be overruled. And to answer your question, the fact that they may have to bring in a few witnesses I don't believe meets the standards of Form 9 convenience of highly and exceptional circumstances as set forth in Grineer. And also, the Second District Appellate Court in Semance also addresses Semance v. Prime Motors, and this is referenced in our brief as well. In this particular case, there's two plaintiffs that reside in Illinois, one plaintiff that resides in Arizona. The trial court granted the Form 9 convenience motion, and the appellate court reversed it. And in reversing it, what the appellate court said, the standards favoring plaintiff's choice of form would have little meaning if defendants were permitted to defeat that choice on the facts presented in this case. And so to answer your question, if there are a few witnesses that they may not have subpoena power over, if that's allowed to defeat the plaintiff's choice of form, the plaintiff's choice of form has little meaning anymore. And there are a couple cases that talk about the subpoena power and not having it. And the case is alluding me right now. But in that particular case, they said, well, if moving the case to New Mexico, or in this particular case, moving the case to the form that was not selected, if it doesn't resolve the issue of subpoena power, then it's not a factor that should be considered or weighed. And in this particular case, if you move it to Arizona, we lose subpoena power over Illinois residents who need to testify. So I believe when we look at First National Bank and the Semans case, I think they're clear that we need more than just that to meet the factors of exceptional, strong, rare circumstances than just those factors. When we look at the private and public factors, the defendants, the private and public factors do not even favor the defendants, let alone meet the strongly favored or greatly favored. And the circuit court abuses its discretion in that regard. And when we look at the first analysis the Supreme Court tells us we should look at is, what is the plaintiff's chosen forum? In this particular case, the plaintiff's chosen forum is Illinois. And in that, because it's our home forum, it's given substantial deference. And you see multiple cases where it's not the plaintiff's home forum and it's given less deference, but here it's given substantial deference. And when we look at the Semans and the Gurney cases, and one thing I forgot to mention, in First National Bank v. Gurney, this is also an abuse of discretion case in which the trial court granted the forum nonconvenience motion and the Supreme Court reversed it and found that it was an abuse of discretion because of the plaintiff's choice of forum and there were not exceptional circumstances. So right off the bat, the plaintiffs have a substantial deference given to their chosen forum. Then when we look at the private interest factors, convenience of the parties, both the plaintiff and the defendant reside in Illinois. In fact, they both reside in Sal County, the case that this has been filed in. And that strongly favors plaintiff's chosen forum. The next case is well, oh, and regarding convenience of the parties, both being plaintiff and defendant. I have not found a single case in which the plaintiff's chosen forum is its home forum and the defendant's forum is that forum as well in which a forum nonconvenience motion has been granted. I have not found a single case. Defendant has not cited a single case to support that. And that I think is relevant because it goes to show the abuse of discretion here by the judge. This is never, I have not found a single case in which that has happened. In fact, the only two cases that I found in which the plaintiff's chosen forum was selected and the trial court granted a forum nonconvenience case, the Supreme Court in Gurney reversed them, said it was abuse of discretion. And the appellate court in Semans also found it to be an abuse of discretion. So then when we move on to the other private interest factors, relative ease of access to testimonial, documentary, and real evidence. The documentary evidence in this case, this is an auto accident case. It's not a document intensive case. The two documents that the circuit court references and says that this creates a private interest factor in favor of the defendants are documents that are already in the possession of the defendants. I don't know how, I think it's an abuse of discretion to say that these are factors that show that it should be transferred when they're already in the possession of the defendants. Then we talk about real evidence. The defendants provided no evidence regarding any real evidence. And the court failed to consider this, that there was no evidence regarding real evidence for support of transfer out to New Mexico. Then there's other practical considerations making trial easy, expeditious, and inexpensive. In the response brief of the defendants, they say to the Fennel Court, which adds three different analysis or three different elements to the private interest factors, I really think those are really duplicative of number two and number three. The availability of a compulsory process to secure attendance of unknown witnesses, which we've already discussed. The cost to obtain attendance of willing witnesses, and the possibility of viewing premises, if appropriate. Regarding the witnesses, and additionally, and as we set forth in the brief, the defendants set forth really no basis for a large majority of the witnesses that it intends or listed to call. Additionally, it sets forth no affidavit saying that these witnesses are going to talk about this and that they're unwilling to come. And there's been several appellate court cases that talk about this and that are cited in our brief, Cradle. And the appellate court found it important that the defendant failed to produce names or address of potential witnesses. But likewise, didn't you list a witness that you would lose or lose compulsory service over was the physician, the family doctor? Yeah, right. But for what purpose would they be calling you? All right. Sure. Right. And we actually have another wrongful death case right now that we are having the family physician testify in. And the reason is because the defendants are going down a line of questioning that because of her health, she had a shortened or decreased life expectancy. So if the defense is going to be making an argument about decreased life expectancy or other comorbidities that would have hastened her death or there was something other than the accident that caused her, we would have to call doctors and treating physicians here to say, look, she was a relatively healthy 73-year-old woman. And we would not have subpoena power over them to testify in New Mexico. So that's why, you know, when we talked about the parties being in different locations, and the courts talk about this, is when you have witnesses from different jurisdictions, then no one jurisdiction wins. And that's why it's abuse of discretion when the circuit court found that that factor favored transfer. Counsel, that's two minutes. Okay. And, you know, we cited other cases. I do, before my time runs out, I want to quickly get to the public interest factors because this is another area that I think the circuit courts simply misapply the law. When we talk about interest in deciding controversies locally and unfairness of placing the expense on the other part, and I think that those two kind of commingle with one another. And, again, we see the Supreme Court in Grenier talk about this. We see the appellate court in Samantz talk about this. And we see the Supreme Court in Langhurst talk about this. And in Gurney, filed in Cook County, and the defendant was from Cook County. And what the Gurney court says that is very important there is that because the defendant is from Cook County, Cook County has a legitimate connection to the litigation because one of the defendants was from Cook County. And in Gurney, it's an auto accident, and the guy's out there driving on the road. And they said the fact that this guy is out on the roadways in Cook County, Cook County has a legitimate interest. In this particular case, Dale Stockton is a resident of LaSalle County. He has a legitimate, the people here in LaSalle County have a legitimate interest in prosecuting him when he's out here driving on the roads. Langhurst versus Norfolk Southern is another accident. Accident happens in Clinton County. Plaintiff is from Clinton County. The defendant's registered agent is in St. Clair. The court denied the form 9 convenience, and the Supreme Court affirmed it. And what they said is St. Clair has a legitimate interest in deciding a local controversy involving one of its residents. And in this particular case, plaintiff is a resident. We have a legitimate interest in that alone. Defendant is a resident, just like in St. Clair. We have a legitimate interest in doing it. And in this particular case, we have both plaintiff and defendant. And again, and my brief goes into it, when we talk about what is local controversy, we have a lifelong residence of LaSalle County suing one another. LaSalle County is going to have the social and economic impact of recovery and non-recovery in this case. And therefore, any questions? Thank you, Mr. Chairman. Ms. Murdo. My name is Barbara Murdo. I represent the defendant, Dale Stockley. In this case, the circuit court's detailed order demonstrates that it carefully considered each of the six required private interest factors and the three required public interest factors that the Illinois Supreme Court has identified for the form 9 convenience analysis. The trial court did not give any one-factor undue weight and relied on numerous Illinois appellate court cases that are cited in the trial court's order in making its ruling. Even if reasonable minds could disagree with the conclusion that the trial judge ultimately reached, in this case, I don't believe it's possible to conclude that no reasonable person would take the view adopted by the trial court. And that is precisely what this court would have to find in order to reverse the judgment of the circuit court. Illinois case law is clear that in a form 9 convenience case, it's not the function of the appellate court to substitute its judgment for that of the circuit court or even to determine whether the trial court exercised its discretion wisely. Instead, the appellate court must only determine whether the trial court abused its discretion. The Supreme Court has previously told us repeatedly in form 9 convenience cases that it's only when no reasonable person would adopt the view of the trial court that an abuse of discretion can be found. Here, the trial court reviewed the undisputed facts submitted by the parties, considered each of the relevant factors identified in the case law, and reached a reasonable conclusion that the balance of the public and private interest factors weighed strongly in favor of litigating this matter in Bernalillo County, New Mexico. The trial court made clear that it was considering the totality of the circumstances without focusing on one particular factor and that it was giving substantial deference to the plaintiff's chosen forum. Since it's evident from the record... Some factors are more important than others, are they not? I'm sorry, Your Honor? No, I'm sorry. Some factors are more important than others in the reigning process. Well... Some weigh more. I don't believe that's true based on the case law. Although the plaintiff's forum is given, plaintiff's chosen forum is given more deference where the plaintiff is a resident of that forum or where that forum is where the accident actually occurred. The factors identified by the court are to be balanced and, I think, given equal weight. Plaintiff argued for the first time on appeal that defendant did not present any affidavits to the trial court in support of the facts that the circuit court considered in ruling on the motion. It's our position that plaintiff waived that argument by not raising it in the trial court where it could have been addressed prior to the ruling. The defendant actually did offer in the trial court to present further proof of the facts, presented, if necessary, that plaintiff didn't dispute any of those facts, didn't demand further proof, and didn't object to the circuit court ruling without affidavits. What plaintiff has referred to in their reply brief as generalizations actually are simply reasonable inferences drawn from the undisputed facts. All of the relevant facts were undisputed, were supported by the police report and other documentation that plaintiff submitted to the trial court, and plaintiffs should not be permitted to argue now that those facts can't be considered. In any event, the Illinois Supreme Court explained in Gridley and Finnell that requiring extensive investigation prior to ruling on a foreign nonconvenience motion actually defeats the purpose of the motion. Both cases cited a U.S. Supreme Court case, the Piper Aircraft Claims, which explicitly states that it's not necessary to present affidavits identifying the witnesses that will be called and the testimony that they will provide in deciding a foreign nonconvenience motion. The new cases that plaintiff cites in her reply brief state only that the trial court should not speculate on the convenience to the witnesses where the witnesses have not even been identified by the parties. That's the Cradle Society and the Brandt cases cited in reply. Here, the names and addresses of the third necessary party to the case, Sierra Marquez, the three independent occurrence witnesses, were all identified in the police report that was before the trial court. There were numerous post-occurrence witnesses from the Albuquerque Police Department who were also identified in that report. Plaintiff attempts to make much of the fact that the parties haven't cited a decision in which dismissal or transfer was upheld where both parties resided in the plaintiff's chosen forum. As the Supreme Court explained in Lane and Horst, every foreign nonconvenience motion must be decided on its own unique facts. So the absence of a reported decision with perfectly analogous facts isn't determinative. The analysis is the same in every case. And the trial court here applied the correct legal analysis and reached a reasonable conclusion based on undisputed evidence. The residence of the parties and the distance that they have to travel for trial is only one of nine factors that need to be considered. In the Samantz case, which plaintiff cites today and in their reply, the only factor that weighed in favor of dismissal based on foreign nonconvenience in that case was that Arizona law would apply. The appellate court concluded there that the trial court's finding that one factor weighed in favor of transfer while all other factors were neutral was insufficient to overcome that substantial deference to which a plaintiff's chosen forum is entitled. Here, in contrast, the trial court found only one factor to be neutral, one factor to favor in LaSalle County, and all other public and private interest factors to favor trial in New Mexico. So the trial court's conclusion that the balance of all the factors strongly weighed in favor of dismissal was therefore reasonable. The trial court did a thorough job of acknowledging each of the six private interest factors recognized by the Supreme Court and explaining its reasoning. So I'm not going to belabor. Each one of those points are all of the factors now. But with regard to the private interest factors, I do want to highlight the fact that plaintiff continues to attempt to downplay the importance of any witnesses that the defendant may attempt to call in his own defense on the liability and damages issues in the case. But the trial court recognized properly that the defendant intends and has the right to raise defenses to liability and to assert the contributory negligence of the other driver, Sierra Marquez. So why wouldn't it be possible to bring them in this action? Because Illinois courts have no personal jurisdiction over Sierra Marquez. She's a New Mexico resident. She doesn't reside in Illinois. She didn't commit any tortious act in Illinois. There is no long-arm jurisdiction that Illinois courts can assert over her to bring her in as a party in the case here. That's the exceptional and rare circumstance where you can overcome the substantial deference given to a plaintiff's chosen forum. We can't complete the case without her presence. Allowing this case to proceed here in LaSalle County would entirely deprive defendant of the important ability to pursue a third-party claim against Sierra Marquez. It also would deprive defendant of any meaningful ability to support his theory that it's her negligence that is responsible for the accident since the three independent witnesses to the accident are residents of Bernalillo County, New Mexico and are not subject to compulsory process here in Illinois. And their testimony would be critical. The police report indicates that all of those three independent witnesses indicate that the Marquez vehicle was traveling at a high rate of speed, 60 to 75 miles per hour according to one witness in a 45-mile-per-hour zone. So it's our position that there is significant contributory negligence on her part that needs to be brought forth. The trial court did a thorough job of acknowledging the public interest factors recognized by the Supreme Court and explaining its reasoning, so I won't belabor those points either. But the trial court reasonably found that two of the three public interest factors favor the defendant and that the third factor was neutral. The trial court also analyzed the additional factor that several Illinois Supreme Court cases have identified with respect to which state law will apply and reasonably found that New Mexico law will control the liability and damages issues in this case. Therefore, that additional factor weighs in favor of New Mexico. As the Illinois Supreme Court explained in Townsend, when we're determining which jurisdiction has the most significant relationship to a conflict, we have to consider the conduct of all sources that contributes to the injury, not merely that of the named parties. Plaintiff wants to make this case only about the decedent, her beneficiaries, and the defendant. But Sierra Marquez also is a necessary party to a complete resolution of the rights and liabilities of both plaintiff and defendant with respect to this accident. Illinois courts have no jurisdiction over Sierra Marquez, whereas New Mexico courts do. Forum nonconvenience is an equitable doctrine that allows the court to decline jurisdiction when another forum would better serve the convenience of all the parties and the ends of justice. Preventing defendant from asserting a meaningful defense and barring his right to seek contribution from a potential joint court visa does not serve the ends of justice. The trial court's analysis of each of the private and public interest factors was reasonable, was based on undisputed facts, and its judgment should not be disturbed. So under the abuse of discretion standard of review that this court must apply, the trial court's ruling should be affirmed. And Dale Stockley respectfully requests that the order be affirmed so that this action may proceed in Bernalillo County, New Mexico. The first thing that I'm going to address in response is the choice of law. First, the choice of law analysis done by the judge is, in my opinion, inaccurate. When you look at this word, it gets into the restatement of torts, and we talk about what is a local matter. And when we talk about what a local matter is, there's an exception carved out where it's generally the place of where the tort happens. And that would be in New Mexico in this particular case. But as I cited in our brief, there's an exception to this, is that when the place where the accident happened is just fortuitous. It's unique. It has nothing to really do. And we look at where the relationship between the two parties are. And we go into this in our original brief, and we cite some case law in Schultz v. Illinois Highway and Miller v. Hayes, where it talks about the center of relationship. And I know those were after Townsend, but Townsend did not negate what Schultz and Miller had to say, and the restatement of torts shows that there's that exception, that this is one of these circumstances where the location of the accident is just fortuitous. I mean, this accident could have happened anywhere in their path from Illinois to Arizona, and the four or five states are more than that that they may have gone through. So, first of all, the appellate court is wrong in its choice, or I'm sorry, the circuit court is wrong in its choice of law analysis. And secondly, the Samsonite court said that choice of law is really not an important factor when we look at this, because, again, Samsonite involves an automobile in the case, and it says, further, given the nature of the case, a common law negligence action arising from a vehicle collision, we have no reason to believe that Arizona law will present any problems for an Illinois court. And I don't believe New Mexico law will present any problem for Illinois courts to apply. The next thing I wanted to address was Sierra Marquez and their allegations that she is a necessary party. First off, as far as I am aware, there is no pending action in New Mexico regarding this accident. Dale Stockley has not filed any action against Sierra Marquez. Sierra Marquez has not filed any action against Dale Stockley. We have not filed any action against Sierra Marquez. As far as I'm aware, there is no case even filed out in New Mexico. The statute of limitations in New Mexico is three years, in my understanding. So, although there is still time, nothing has been filed out there. And, again, they keep saying that she is a necessary party. She's not a party to this action. At no time did they ever, there's no evidence or affidavit in that Sierra Marquez wouldn't subject herself to Illinois. In fact, she most likely probably would subject herself here versus New Mexico for the exact reasons the defendants are really trying to move this case from Illinois to New Mexico. Because New Mexico is not joint and several liability, where Illinois is joint and several liability. So, by Marquez coming here, and, again, you've got to remember the context of this accident. We have, as the police officer said, that Dale Stockley is at fault for this accident because he is making a left-hand turn. He had the obligation to yield the right-of-way to Marquez. Now, there's, they made allegations of speed. But speed, the officer said, was not a relevant factor. She was not going so fast that it took her out of the scope of her responsibilities. Additionally, they indicate that they have no way of making Sierra Marquez a plaintiff here, which they provide no evidence that she won't come here. But regardless, if Sierra Marquez did have, if we did have power over her to bring her here, she would be a defendant in this case as well, or we could make her a defendant in this case. And in a good-faith finding, if we have a settlement with her, she would be dismissed. And the Court has seen in good-faith findings, in dismissal of defendants, that oftentimes here in Illinois, the parties have to proceed with an empty chair, with nobody there. So I don't think that this is a factor that should allow a Form 9 convenience motion to be granted. Thank you. Any questions? Thank you, Mr. Chairman. Thank you both for your arguments today. We will take this matter under advisement and back you with a written disposition within a short day. I'm going to have to take a short recess.